SILVIO DOBRICH, Respondent, *v.* STEAMSHIP TERMINAL OPERATING CORPORATION, Appellant, Impleaded with PACIFIC STEAM NAVIGATION COMPANY, Defendant.

First Department, April 11, 1930.

*Ernie Adamson* of counsel [*J. W. Van Gordon* with him on the brief; *Almy, Van Gordon & Evans*, attorneys], for the appellant.

*Harold R. Medina* of counsel [*Joseph Levy* and *William F. McNulty* with him on the brief; *Levy & Becker*, attorneys], for the respondent.

MARTIN, J. This action was brought to recover damages for personal injuries caused by the alleged negligence of the defendants.

The plaintiff, a longshoreman employed by the defendant, appellant, sustained injuries on June 15, 1926. A draft of steel consisting of twelve railroad car doors which the defendant, appellant, was loading aboard the steamship *Alvarado*, owned and operated by the defendant Pacific Steam Navigation Company, slipped from a rope sling by means of which it had been held and crashed on the deck, striking the plaintiff who was standing near the forward part of No. 3 hatch.

On the day of the accident the steamship *Alvarado* was docked alongside Pier 42, North river, receiving cargo. About one-thirty P. M. the plaintiff and the other members of the gang, who had been working throughout the forenoon on the steamship *Ebrow* were ordered to board the steamship *Alvarado* and help load a cargo of steel, consisting of railroad car parts, from the deck of a lighter which had been brought alongside the off-shore side of the vessel. As the men reached the off-shore side of the *Alvarado's* deck preparatory to climbing down into the lighter, a draft was just about to be taken from the lighter, whereupon Mike Babich, the defendant's stevedore who was in complete charge of the vessel, and who at the time was standing near the rail supervising the work, ordered them to wait until the draft had been brought up. Upon receiving this order the plaintiff stood by the ventilator,

located at the forward end of the No. 3 hatch about midway between the hatch coaming and the off-shore guard rail.

The draft which was the first to be taken from the lighter consisted of twelve steel freight car doors, each of which was from eight to ten feet in length, about three feet in width, and each weighed 309 pounds.

The doors were piled one on top of the other and held together by a rope sling which was placed around the middle of the draft to hold the contents of the draft together, and into the loop of the sling the hook of the hoisting apparatus was inserted. The raising of the draft from the deck of the lighter and then lowering it into the hold of the *Alvarado* required the use of two winches, a Burton winch, the boom of which swung outside the guard rail and raised the draft from the lighter to a point two or three feet above the guard rail, and an up-and-down winch by which it was drawn in and then lowered through the hatchway.

The case was tried upon the theory that the use of a sling to handle the draft was improper; that the proper appliance was a hook which was offered in evidence and which was exhibited to the jury. The plaintiff's case was not only developed along that theory, but the witnesses testified that the hook marked as an exhibit was the kind that should have been used.

After considerable evidence had been offered to prove that fact, plaintiff's attorney discovered that the hook, admitted as an exhibit, could not have been used in doing this work. It was then contended for plaintiff that some other kind of hook somewhat similar to that placed in evidence should have been used. It is apparent that the case was presented by plaintiff on a wrong theory, but one that no doubt influenced the jury as is shown by the result, and especially by the large verdict which was not warranted by the evidence.

The appellant is entitled to have the issues tried upon a proper theory and the evidence presented in a manner that will not mislead the jurors or prejudice the defendant.

The judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.

DOWLING, P. J., MERRELL, FINCH and SHERMAN, JJ., concur.

Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event.